UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



LISA NELSON, as Personal
Representative of the estate of
JASON WILLIAM NELSON, deceased,
And LISA NELSON, individually, as
natural mother of JASON WILLIAM NELSON,

        PLAINTIFF,                  VS: Civil Action No.: 5:14-26506

FEDERAL BUREAU OF PRISONS
a/k/a FEDERAL CORRECTIONAL
INSTITUTE-BECKLEY, WEST VIRGINIA and
THE UNITED STATES OF AMERICA,

        DEFENDANTS.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Lisa Nelson, as personal representative of the Estate, and Lisa Nelson, individually, and as natural mother of the decedent, Jason William Nelson, and herein sues the Defendants, Federal Bureau of Prisons a/k/a Federal Correctional Institute–Beckley, West Virginia (hereinafter "FCI"), and The United States of America.

## I. INTRODUCTION

1. Plaintiff (s) seeks compensatory and punitive damages arising from the misconduct and deliberate difference to the person, deceased which resulted in his death. It is alleged that the conduct of the Defendant Federal Correctional Institute–Beckley, West Virginia and The United States of America, through its agents and employees, whether named within this complaint or otherwise, amounted to (a) deliberate indifference to the serious mental health needs of the decedent resulting in his death; (b) amounted to conscious indifference to the rights of the decedent; (c) or in the alternative was at the very least negligent. Plaintiff further alleges that the Defendants herein, jointly and severally, violated the Eighth Amendment of the United States

Constitution as regards the decedent, and allege alternatively that the conduct of the Defendants amounted to deliberate indifference to the physical and mental health, and welfare of the decedent, Jason William Nelson.

Plaintiff also invokes the supplemental jurisdiction of this Court against all Defendants for the decedent's wrongful death.

## II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346, et seq. i.e., The Federal Tort Claims Act in as much as this is a Complaint for Damages, Injury and/or Loss as a result of the death allegedly caused by the negligent or wrongful acts or omissions of employees of the Federal Correctional Institute–Beckley, West Virginia and The United States Federal Government while acting within the scope and course of their office or employment and as such, the defendants would be liable for said negligent or wrongful acts and/or omissions as will be more fully state herein.

4. The Plaintiff's claim for relief is alternatively predicated upon claims based on deliberate indifference to the mental and physical condition of the decedent in violation of the Eighth Amendment of the United States Constitution which acts occurred under color of Federal Law. Thereby Federal Jurisdiction is hereby invoked pursuant to 28 U.S.C. §1331 et seq.

## III. PARTIES

5. Plaintiff, Lisa Nelson, is appointed as the Personal Representative of the Estate of Jason William Nelson. She brings this action in her capacity as Personal Representative of the Estate of Jason William Nelson, and as the natural mother of the decedent, Jason William

Nelson. Lisa J. Nelson was appointed as the Personal Representative of the Estate of Jason William Nelson on August 15, 2013 in the Norfolk Probate and Family Court, Canton, Massachusetts. A copy of the Letter of Authority for Personal Representative is attached hereto and made a part hereof Exhibit 1.

6. Prior to his death, Jason Nelson was a resident of Weymouth, Norfolk County, Massachusetts.

7. Jason William Nelson died on or about April 3, 2012, at the Federal Correctional Institute-Beckley, Raleigh County, West Virginia.

8. The Defendant, United States of America, operated a facility in Raleigh County, West Virginia known as the Federal Correction Institute-Beckley, West Virginia. It is alleged that Jason William Nelson died at Federal Correction Institute-Beckley, West Virginia herein after referred to as "FCI" on the date indicated herein.

9. At all times material here to Lisa Nelson was the mother and next of kin of Jason William Nelson.

10. Plaintiff alleges that the Defendants were employees and/or agents of the United States of America and/or the Federal Bureau of Prisons, an agency of the United States of America, at all times material hereto and were furthermore acting within the scope and course of their employment for the acts committed by them as alleged herein.

### IV. GENERAL ALLEGATIONS

11. Plaintiff alleges that Jason William Nelson had previously informed defendants through their agents or employees, that in 2007, the decedent attempted suicide by cutting his wrists and attempting to hang himself, which was ultimately the cause of death on April 3, 2012.

12. It is alleged that the decedent Jason William Nelson was examined by agents and/or employees of the Defendants acting within the scope and course of their employment therein, and so identified Jason Nelson as being bi-polar; however, no medical treatment was administered.

13. The decedent, to the best knowledge and belief of the Plaintiff, should have been placed on bi-polar medication, in addition to suicide watch and/or alert. In that regard, special precautions, monitoring, and assessment should have been followed by the Defendants through their agents and/or employees.

14. Plaintiff alleges that the first time she became aware of a cause of action and/or facts causing her to reasonably believe there was a cause of action occurred in March 2014, when plaintiff's counsel received the documentation from FCI as a result from a FOIA Request issued on December 3, 2013. Plaintiff alleges that due to the short timeframe between receipt and review of the documentation, there was not sufficient time to file a claim, pursuant to the Federal Tort Claims Act within two years of the first time Plaintiff learned of the cause of action. Plaintiff instituted suit to toll the statute of limitations.

**WHEREFORE**, Plaintiff seeks compensatory damages against all Defendants and further demands trial by jury where allowable.

### A. CLAIM ON BEHALF OF THE ESTATE

1. Medical, funeral and burial expenses incurred as a result of the death of Jason William Nelson.

2. Loss of net estate accumulations.

## B. CLAIM ON BEHALF OF LISA NELSON, MOTHER

1. Claim is hereby made on behalf of Lisa Nelson, mother of the decedent, for loss of companionship on behalf of Jason William Nelson, as well as for her mental pain and suffering from the date of death to the present and continuing in the future.

2. Claim is also brought on behalf of Lisa Nelson for the value of the lost support and services from the date of death of Jason William Nelson, to the present and continuing in the future.

3. Claim is also brought for an award of interest for those elements of damage to which interest would be legally available to the Claimants herein.

## COUNT I
## Federal Tort Claim Act/United States of America

15. Plaintiff realleges and reavers all preceding allegations and paragraphs as if fully set forth herein.

16. Plaintiff alleges that the Defendant, United States of America, knew or in the exercise of reasonable care and diligence should have known of the decedent's serious mental health problems at or about the time he was incarcerated and/or turned over to the custody of federal authorities, including his suicidal ideations.

17. The Defendant through its agents and/or employees acting within the scope and course of their employment and/or agency with the Defendant, United States of America, knew or in the exercise of reasonable diligence should have known that the decedent possessed the necessary intent, ability and means to carry out said suicide, which in fact was done while the decedent was interned at FCI-Beckley, West Virginia.

18. Plaintiff alleges the Defendant through its agents and employees exhibited, deliberate indifference to the mental and physical condition of the decedent and/or alternatively was negligent and careless, all of which misconduct occurred in the following manner and means and furthermore cause and/or contributed to the decedent's suicide:

A. Failing to appropriately monitor the mental status of the decedent, while he was incarcerated at FCI.
B. Failing to refer the decedent to appropriate mental health care professionals and/or persons trained and/or experienced in dealing with individuals with suicidal ideations as in this case.
C. Failing to provide the decedent with appropriate medication.
D. Failing to properly monitor the decedent's mental health needs.
E. Failing to implement and carry out rules, policies, procedures, and regulations which were or should have been in effect and applicable to FCI-Beckley, West Virginia, as well as the decedent at the time and place of the incident herein.
F. Failing to appropriately and adequately monitor the decedent's condition and the decedent given the understanding of the Defendant that the decedent was a suicide risk.
G. Failing to place the decedent in a secure area where he would not have the means or ability to commit suicide.
H. Failing to grant immediate access to the decedent of proper psychological and/or psychiatric care when facts were known or in the exercise of reasonable care and diligence should have been known by employees of the Defendant, United States of America of the condition of the decedent.
I. In allowing the decedent to remain unattended in his cell.

**WHEREFORE**, as a result of the tragic and untimely death of Jason William Nelson, decedent, the Estate of Jason William Nelson brings claim for both compensatory and punitive damages against all defendants.

### COUNT II
### Allegations against Defendant, Federal Bureau of Prisons a/k/a FCI-Beckley, West Virginia

19. Plaintiff realleges and reavers all preceding allegations and paragraphs as is fully set forth herein.

20. Plaintiff alleges that the Defendant knew of the decedent's mental health, suicidal ideations, depressed mood and state. Despite its knowledge, the Defendant:

    A. Failed to appropriately monitor the mental status of the decedent, while he was incarcerated at FCI-Beckley, West Virginia.
    B. Failed to refer the decedent to appropriate mental health care professionals and/or persons trained and/or experienced in dealing with individuals with suicidal ideations as in this case.
    C. Failed to properly monitor the decedent's mental health needs.
    D. Failed to implement and carry out rules, policies, procedures and regulations which were or should have been in effect and were applicable to FCI-Beckley, West Virginia, as well as the decedent at the time and place of the incident herein.
    E. Failed to provide for the safety of the decedent.

21. At all times material hereto Defendant knew there was a substantial risk that the decedent would attempt suicide, and that the threat of this action was imminent and immediate and that the decedent possessed the means to accomplish that end.

22. The Defendant deliberately disregarded the immediate threat to the decedent and exhibited deliberate and callous indifference to his serious psychological needs by denying and unreasonably delaying access to and for continuing evaluation, treatment and monitoring of the emotional illness, depression and/or disturbance demonstrated by the decedent for which he was aware of.

23. The Defendant was deliberately indifferent to the serious mental health needs of the decedent for reasons stated herein.

24. The Defendant's misconduct was so grossly substandard and inadequate as to fairly be characterized as abandonment of the patient.

25. Said conduct of the Defendant caused and/or contributed to the decedent's suicide.

WHEREFORE, as a result of the tragic and untimely death of Jason William Nelson, decedent, the Estate of Jason William Nelson, as well as Lisa Nelson, as natural mother of Jason William Nelson.

### COUNT III
### Allegations against Defendant, United States of America

26. Plaintiff realleges and reavers all preceding allegations and paragraphs as is fully set forth herein.

27. It is alleged that employees or agents of the Defendant, United States of America, was to the best knowledge and belief, on duty during part of the time while the decedent was incarcerated at FCI-Beckley, West Virginia and as such, had direct ability and responsibility to observe, and/or monitor the decedent. It is alleged that the Defendant acted with deliberate indifference to the serious condition of the decedent prior to his suicide.

28. In fact, special precautions were not undertaken, were not carried out, which failure of policies, precautions and warnings proximately resulted in the suicide of the decedent.

29. Plaintiff furthermore alleges the Defendant is guilty of deliberate indifference to the condition of the decedent, the suicidality of the decedent and the serious mental health needs of the decedent.

30. Plaintiff alleges the Defendant in addition:

A. Failed to refer the decedent to appropriate mental health care professionals and/or persons trained and/or experienced in dealing with individuals with suicidal ideations as in this case.
B. Failed to implement and carry out rules, policies, procedures, and regulations, which were or should have been in effect and applicable to FCI-Beckley, as well as the decedent at the time and place of the incident herein.
C. Failed to appropriately and adequately monitor the decedent's condition and the decedent giving the understanding of the Defendant that the decedent was a suicide risk.
D. Failed to place the decedent in a secure area where he would not have the means or abilities to commit suicide.

E. Failed to grant immediate access of the decedent to proper psychological and/or psychiatric care when facts were known or the exercise of reasonable care and diligence should have been known by employees of the Defendant of the condition of the decedent.

**WHEREFORE**, as a result of the tragic and untimely death of Jason William Nelson, decedent, Lisa Nelson, Personal Representative of the Estate of Jason William Nelson, and Lisa Nelson, individually and as natural mother of Jason William Nelson, brings a claim for damages both compensatory and punitive.

## COUNT IV
### Claim for Attorney's Fees

Plaintiff seeks attorney's fees where attorney's fees are allowable as a matter of law, arising out of the allegations of misconduct against the Federal Bureau of Prisons a/k/a Federal Correctional Institute-Beckley, West Virginia, and the United States of America.

>LISA NELSON, Representative of the
>ESTATE OF JASON WILLIAM NELSON, DECEASED
>AND LISA NELSON, INDIVIDUALLY, AND AS
>NATURAL MOTHER OF JASON WILLIAM NELSON
>
>BY COUNSEL

**HAYDEN & HART, PLLC**

/s/ David S. Hart

David S. Hart
West Virginia State Bar No. 7976
Gerald Hayden
West Virginia State Bar No. 8918
102 McCreery Street
Beckley, West Virginia 25801
Phone: (304) 255-7700
Fax: (304) 255-7001
dshhaydenandhart@frontier.com

10-3-14
Date

| LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE | Docket No. NO13P1782EA | Commonwealth of Massachusetts The Trial Court Probate and Family Court |
|---|---|---|
| Estate of: Jason William Nelson  Date of Death: 04/03/2012 | | Norfolk Probate and Family Court 35 Shawmut Road Canton, MA 02021 (781)830-1200 |

To:

Lisa J Nelson

284 Washington St

Weymouth, MA 02188

You have been appointed and qualified as Personal Representative in ☐ Supervised ☒ Unsupervised administration of this estate on _____August 15, 2013_____ .
(date)

These letters are proof of your authority to act pursuant to G.L. c. 190B, except for the following restrictions if any:

☐ The Personal Representative was appointed before March 31, 2012 as Executor or Administrator of the estate.

(Do Not Write Below This Line-For Court Use Only)

## CERTIFICATION

I certify that it appears by the records of this Court that said appointment remains in full force and effect. IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of said Court.

Date  September 17, 2013

Patrick W McDermott, Register

**PLAINTIFF'S EXHIBIT 1**

MPC 751 (3/31/12)

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

NOW COME Plaintiff, Lisa Nelson, as personal representative of the Estate, and Lisa Nelson, individually, and as natural mother of the decedent, Jason William, Nelson, by and through her attorney, David S. Hart and Hayden & Hart, PLLC, and hereby demand a trial by jury on all issues in this matter.

                    LISA NELSON, Representative of the
                    ESTATE OF JASON WILLIAM NELSON, DECEASED
                    AND LISA NELSON, INDIVIDUALLY, AND AS
                    NATURAL MOTHER OF JASON WILLIAM NELSON

                    BY COUNSEL

**HAYDEN & HART, PLLC**

*/s/ Gerald Hayden*
_____
David S. Hart
West Virginia State Bar No. 7976
Gerald Hayden
West Virginia State Bar No. 8918
102 McCreery Street
Beckley, West Virginia 25801
Phone: (304) 255-7700
Fax: (304) 255-7001
dshhaydenandhart@frontier.com

10-3-14
Date