IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LISA NELSON,

        Plaintiff,

v.                              CIVIL ACTION NO.  5:14-cv-26506

FEDERAL BUREAU OF PRISONS and
THE UNITED STAES OF AMERICA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 10), and the *Memorandum of Law in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 11), as well as the *Notice of Supplemental Authority* (Document 14).  The Court has also reviewed the Plaintiff's *Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment* (Document 15).[1]  On June 6, 2015, the Court entered an *Order* (Document 19) converting the *Motion* to a motion for summary judgment.  The Order required the Defendants to file a memorandum in support of summary judgment by June 9, 2015, and gave the Plaintiff until June 16, 2015, to file a response.  On June 5, 2015, the Defendants filed a *Memorandum in Support of Summary Judgment* (Document 20), indicating that the Defendants would rely on the previously

---

[1] The Court notes that the Plaintiff's *Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment* was untimely.  However, in light of the unusual circumstances of this case, in particular, the disbarment of the Plaintiff's original counsel in June of 2015, the Court has considered the arguments presented in the Plaintiff's Memorandum of Law in Opposition in ruling on the Defendant's Motion for Summary Judgment.

filed memorandums of law in support of the motion for summary judgment. The Plaintiff did not respond to the Defendants' filing. The Defendant's motion for summary judgment is, therefore, ripe for review. After careful review of the parties' written submissions and the entire record, the Court finds that the Defendant's motion for summary judgment should be granted.

## STATEMENT OF FACTS

The Plaintiff filed her Complaint in the United States District Court for the Southern District of West Virginia on October 3, 2014, as (1) personal representative of the estate of her son, Jason William Nelson (the "decedent"), and (2) individually, as natural mother of the decedent. She named as Defendants the (i) Federal Bureau of Prisons a/k/a Federal Correctional Institute-Beckley, West Virginia, and (ii) the United States of America. (*See Compl.*, Document 1.) The claims contained therein arose out of the death of the decedent while he was housed at the Federal Correction Institute in Beckley, West Virginia (FCI-Beckley). The decedent was found hanging in his cell on April 3, 2012, and was pronounced dead later that same day. (*Id.* at 3.) Distilled to its core, the Plaintiff alleges that the Defendants' care of the decedent, or lack thereof, "amounted to (a) deliberate indifference to the serious mental health needs of the decedent resulting in his death; (b) amounted to conscious indifference to the rights of the decedent; (c) or in the alterative, was at the very least negligent." (*Id.* at 1.) The Plaintiff alleged that such conduct gave rise to various causes of action against the Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*, and the Eighth Amendment to the United States Constitution. (*Id.* at 2-5.)[2]

---

[2] The Plaintiff conceded that the United States was entitled to dismissal of the Eighth Amendment claim in her *Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment* (Document 15, at 4.) Thus, this issue does not require analysis by the Court.

The parties do not dispute that April 3, 2012, the date of the decedent's death, is the date on which any causes of action arose. Nor do the parties dispute the following facts regarding the filing of the Plaintiff's claim. Counsel for the Plaintiff filed a Freedom of Information Act ("FOIA") request for documents concerning the decedent in December 2013. (Decl. of Sarah Lilly, , at ¶10, att'd as Ex. 1 to Def. Mot. for Summ. J.) (Document 10-1.) Sarah Lilly, Legal Assistant for the Beckley Consolidated Legal Center at FCI-Beckley, received the request, but noted that the Plaintiff had sent the form to the wrong office. (*Id*.) Lilly informed Plaintiff's counsel of the clerical error, but also requested the records in preparation of counsel's follow-up request. (*Id*.) Counsel for the plaintiff sent a proper FOIA request on December 23, 2013. (*Id*. at ¶11.) On January 21, 2014, Lilly's office replied to Plaintiff's counsel, providing the number of pages and the fee for production. (*Id*.) Counsel for the Plaintiff mailed a check for the fee on January 31st, and Lilly received the check on February 3, 2014. (*Id*.) On February 7, 2014, Lilly's office prepared a letter to counsel for the Plaintiff with all the documents, but was notified that counsel would pick the documents up in person. (*Id*. at ¶12.) When counsel failed to pick up the documents at the appointed time, Lilly mailed the documents. (*Id*.)

On April 3, 2014, at 4:26 p.m., counsel for the Plaintiff sent an administrative tort claim for wrongful death by facsimile to a telephone number shared by the Food Services and Health Services Departments for the Mid-Atlantic Regional Office of the Bureau of Prisons. (Def. Ex. 2, Decl. of Timothy Barnett II, at ¶3, att'd as Ex. 2 to Def. Mot. for Summ. J.) (Document 10-12.) Counsel for the Plaintiff found the relevant fax number on the website for the Bureau of Prisons. (Pl.'s Ex. 1, Affidavit of David S. Hart. att'd as Ex. 1 to Pl.s' Mem. of Law in Opp. to Mot. for Summ J.) (Document 15-1)   The fax arrived at 4:39 p.m., and the business hours for the Mid-Atlantic Regional Office are from 7:30 am until 4:00 pm. (Decl. of Timothy Barnett II, at ¶3.)

3

The facsimile, which also noted that the original claim was sent to the Bureau of Prisons by certified mail, was received at approximately 8:00 a.m., on April 4, 2014, by Timothy Barnett, a Residential Reentry Manager for the Baltimore/District of Columbia Reentry Office of the Bureau of Prisons.  (*Id*. at ¶2.)  Barnett delivered the fax to the Bureau of Prisons legal department later that day.  (*Id*.)  The original copy of the administrative tort claim, sent by certified mail by counsel for the Plaintiff, arrived at the Mid-Atlantic Regional Office for the Bureau of Prisons on April 8, 2014.  (Pl.s' claim against the Federal Bureau of Prisons, att'd as Ex. 1, Attachment C to Def. Mot. for Summ. J., at 2, 27.)   On April 11, 2014, the Bureau of Prisons replied to counsel for the Plaintiff, and indicated that because the fax containing the Plaintiff's administrative tort claim was not received until April 4, 2014, more than two years after the death of the decedent, the claim was barred by the relevant statute of limitations. (Letter to David S. Hart from Bureau of Prisons, att'd as Ex. 1, Attachment D to Def. Mot. for Summ. J., at 2-3.)

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).  A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).  A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict

in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

*A. The Statute of Limitations*

The United States first moves for summary judgment on the grounds that the Plaintiff's FTCA claim was not presented to the appropriate agency, the Bureau of Prisons, "within the two-year statute of limitations, and is therefore time-barred." (Def. Mem. of Law in Supp. of Mot. Summ. J., at 6-7.) The United States argues that a claim under the FTCA is only valid if presented to a federal agency within the two-year statute of limitations for FTCA claims, as found in 28 U.S.C. §2401(b). (*Id.* at 7.) The position of the United States is that placing a claim in the mail prior to the expiration of the statute of limitations does not satisfy the presentment requirement. (*Id.*, citing *Rhodes v. United States*, 995 F.2d 1063 (4th Cir. 1993)). Thus, the United States argues that the Plaintiff's submission of the claim by certified mail on April 3, 2014, does not constitute "presentment," because the Bureau of Prisons did not actually receive the claim by mail until April 8, 2014. (Def. Mem. of Law in Supp. of Mot. Summ. J., at 7.)

The United States also argues that the FTCA and relevant federal regulations prohibit the submission of FTCA claims by fax, and that even if federal law allowed the transmission of claims by fax, the claim was nevertheless untimely. (*Id.*) To support this positon, the United States cites 28 CFR § 543.31(c), "[f]iling a Claim," which sets forth the procedures for filing claims under the FTCA, but does not explicitly authorize filing by facsimile. (*Id.*) Instead, as the United States emphasizes, that regulation limits FTCA filing to mail and personal delivery. (*Id.*, citing 28 CFR §543.31(c).) Moreover, the United States argues that under *United States v. Wheeler*, 2013 WL 6048761, at *2 (W.D. Ark. 2013), merely faxing a claim on a particular day to a federal agency does not satisfy presentment. The United States argues that under *Wheeler*, a representative of the

relevant federal agency must actually receive the claim. (*Id.*, citing *Wheeler*, 2013 WL at *2.) Because the Plaintiff's fax was not transmitted to the Mid-Atlantic Regional Office until after closing hours, and because the Plaintiff was unable to show that an employee of the Bureau of Prisons received the fax until April 4, 2014, the United States argues that even if transmission of an FTCA claim by facsimile was permitted under federal law, the Plaintiff's claim in this case was nevertheless untimely. (Def. Mem. of Law in Supp. of Mot. Summ. J. at 7.)

The United States filed a notice of supplemental authority recognizing that the United States Supreme Court recently determined that the FTCA statute of limitations is subject to equitable tolling. However, even if this Court could consider equitable tolling, the United States argues that the Plaintiff does not qualify for equitable tolling because of a "repeated pattern of delays ..." (*Id.* at 10.) In making this argument, the United States emphasizes the Plaintiff's significant delays in seeking information about the decedent from the Bureau of Prisons through Freedom of Information Act requests, delivery of said requests to the wrong address, and failure to timely retrieve documents from the Bureau of Prisons. (*Id.* at 9-10.)

The Plaintiff, by contrast, argues that the FTCA does not expressly prohibit transmission of a tort claim by facsimile. (Pl.'s. Mem. of Law in Opp. to Mot. Summ. J., at 6.) The Plaintiff also argues that the transmission of the claim was timely. (*Id.*) In doing so, the Plaintiff disputes the Unites States' characterization of *Wheeler*, noting that the federal agency in Wheeler denied ever receiving the Plaintiff's claim. (*Id.*) The Defendants argue that the mere fact that the facsimile was not retrieved by a Bureau of Prisons employee until April 4, 2014, is irrelevant. The Plaintiff argues that it is indisputable that the facsimile was transmitted and received on April 3, 2014. (*Id.*) Thus, she argues that the claim is not barred by the two-year statute of limitations imposed for FTCA claims by 28 U.S.C. §2401(b). (*Id.*)

The FTCA waives the sovereign immunity otherwise enjoyed by the United States and its actors in certain situations. "[A] claimant 'has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances.'" *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011) (citing *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991)). Under the FTCA, "a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *Wong*, 2015 WL 1808750 at *3 (citing 28 U.S.C. §2401(b)).

In light of the facts set forth on the record, the Court finds that the Plaintiff's claim was time-barred. As the Plaintiff acknowledges in her complaint, "there was not sufficient time to file a claim, pursuant to the Federal Tort Claims Act within the two years of the first time Plaintiff learned of the cause of action." (Compl. at 4.) Thus, by her own admission, she failed to present the FTCA claim to the appropriate agency within two years.

Even absent this declaration, the Court nonetheless finds that the Plaintiff failed to satisfy her burden of proving timely presentment. In the Fourth Circuit, a plaintiff bears the burden of proving that the Government received an FTCA claim within the time period set forth by the relevant statute of limitations. *Rhodes v. United States*, 995 F.2d 1063, at *2 (4th Cir. 1993) (table). There is no genuine dispute of material fact as to when the United States received the tort claim in this case. Even if the Court accepts the Plaintiff's argument that FTCA claims may be transmitted by facsimile, an argument the Court regards as highly suspect and contrary to the plain language of 28 CFR § 543.31(c), the Plaintiff cannot show that the Government received the tort claim on April 3, 2014–the final date on which the Plaintiff could file a timely claim. Rather, the Plaintiff can merely show the transmission of a claim by facsimile to a Government agency after office

hours on that date. As the Fourth Circuit noted in *Rhodes*, timely presentment of an FTCA claim requires "… evidence of actual receipt." *Rhodes*, 995 F.2d at *2, citing *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981). There is no dispute that the facsimile was not actually received by an employee of the United States until April 4, 2014. Thus, the Court finds that the Plaintiff's FTCA claims are time-barred.

*B. Equitable Tolling*

However, this does not end this Court's inquiry. *Wong* clearly establishes that a Court may equitably toll the statute of limitations for FTCA claims. *Wong*, 2015 WL 1808750, at *1. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotations and citation omitted) (affirming district court's dismissal of petitioner's federal habeas petition under § 2244 as untimely). Despite the lack of "bright-line" rules, equitable tolling has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," while "[i]n the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* (internal quotations and citation omitted.)

The record reveals no facts showing wrongdoing or deceitful conduct on the part of the United States or any agency. Whether there were extraordinary circumstances beyond the Plaintiff's control merits a closer look—but this too is lacking. Here, the record shows that the relevant office at FCI-Beckley mailed the FOIA documents relevant to the Plaintiff's claim in early February of 2014. Drawing all reasonable factual inferences from the record in the Plaintiff's favor, the Court finds that even if the Plaintiff had received the response to her FOIA request on the *last day* of March, she had time—at least several days—to review and present her FTCA claim

9

to the appropriate agency. Moreover, the Court also notes that Plaintiff's counsel made an appointment to pick up the documents in person from FCI-Beckley in early February of 2014, but failed to keep the appointment. Thus, the Court finds no circumstances that merit equitable tolling. Indeed, "[e]quitable tolling is not appropriate where, as was the case here, 'the claimant failed to exercise due diligence in preserving [her] legal rights.'" *Kokotis v. United States Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Furthermore, this finding does not take into consideration the fact that the FOIA request was not even filed until December 3, 2013—*well over a year after* the event giving rise to the claim. In other words, the Plaintiff has not presented any facts or "extraordinary circumstances beyond [her] control [that] made it impossible to file the claims on time." *Hutchinson*, 209 F.3d at 330. Thus, the Court finds that equitable tolling to excuse the late presentment of the claim is inappropriate here. Because the Court concludes that the Plaintiff's claim is barred by the statute of limitations governing FTCA claims, and that equitable tolling is inappropriate, the Court need not consider the merits of the Plaintiff's underlying state-law claims.

## CONCLUSION

WHEREFORE, following thorough and careful consideration, the Court does hereby **ORDER** that the *Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 10) be **GRANTED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 11, 2016

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA